**Nicola MAFFIA, Plaintiff,**

v.

**AMERICAN WOOLEN COMPANY, Defendant.**

United States District Court
S. D. New York.

Oct. 20, 1954.

Gallop, Climenko & Gould, New York City, for plaintiff.

Hays, Sklar, Epstein & Herzberg, New York City, for defendant.

DAWSON, District Judge.

This is a motion for summary judgment. The complaint alleges that the plaintiff is the beneficial owner and holder of 110 shares of the $4 Cumulative Convertible Prior Preference stock of the defendant. It demands a declaratory judgment that a "voluntary partial liquidation" of the defendant has occurred which entitles the plaintiff and all other owners and holders similarly situated to receive $105 per share for each share held by them of said Prior Preference stock.

It is not disputed that the amendment to the defendant's Articles of Incorporation, under which said stock was issued, provides:

"In case of any liquidation of the Company, whether partial or complete, the Prior Preference Stock shall receive $105. per share if such liquidation be voluntary or $100. per share if such liquidation be involuntary, plus, in either case, an amount equal to all dividends accrued thereon up to the date of payment, before any payment is made upon junior stock, and no more."

The plaintiff urges, in support of the motion for summary judgment, that certain actions taken by the defendant constitute a voluntary partial liquidation of the company. These steps consist essentially of the sale of a number of the company's mills during the post-war period and a consequent contraction of the operations of the company. The plaintiff claims that the program adopted by the company, and being carried out by the company, provides for the disposition of eleven out of the twenty-five mills of the company.

It appears without dispute that the Board of Directors of the Company has heretofore authorized the officers to form a wholly-owned subsidiary company to which certain assets of the company would be transferred "for liquidation", and that the president was authorized to convey and transfer, from time to time, such assets of the company as in his judgment should be "liquidated".

The defendant urges that there is no plan for the liquidation of the company, and that the sale of the mills is part of a program to dispose of old high cost mills preparatory to acquiring other mills in another part of the Country. The defendant states that the company now has plans for acquiring fourteen new Southern mills to replace the obsolete ones that it is selling.

There appears to be no substantial dispute that the company has been engaged in a program of liquidating some of its assets, in the sense that these assets are being sold, but is a liquidation of assets the same as a "liquidation of the Company, whether partial or complete", with-

in the meaning of the language of the Articles of Incorporation?

██ Ordinarily, a liquidation of a company contemplates not merely that the assets will be converted into cash, but also that the cash will be used to reduce indebtedness and outstanding stock so that the capital structure of the company will be contracted. See, for example, Section 346, Internal Revenue Code of 1954, 26 U.S.C.A. The purpose of a provision such as that which is contained in the Articles of Incorporation is customarily to prevent the retirement of a junior class of stock, unless the senior class of stock is first paid off in full. It does not appear that the program of the defendant contemplates the retirement of any class of stock. The conversion of assets of a company into cash may be a liquidation of those assets, but it is not necessarily a liquidation of the company, for the company still possesses the assets, either in their original form or in the cash which it received for them on the sale.

██ It cannot be decided as a matter of law that the steps which have been taken by the defendant constitute a "liquidation of the company". It cannot be decided as a matter of uncontroverted fact that the steps taken by the defendant constitute a "liquidation of the company" when the defendant states that as a matter of fact, there is no plan to liquidate the company, but only a plan to sell off certain mills and reinvest the proceeds in more modern mills located in a different part of the country. Therefore, there is no basis for a motion for summary judgment. See Rule 56(c), Rules of Civil Procedure, 28 U.S.C.A.

██ Plaintiff urges that certain regular dividends were paid on the 7% Preferred stock in 1952 and thereafter and that these dividends were paid out of capital, and that this is some evidence of a partial liquidation of the company. Defendant disputes this contention. It appears that at the time of the declaration of the dividends, the company had an earned surplus on its books from

which dividends might be paid, and that the accounts do not indicate that the dividends were paid from capital. The question as to whether the dividends were paid out of capital presents a controverted issue of fact which cannot be determined upon this motion for summary judgment.

The motion for summary judgment is denied.

The plaintiff has asked, in the alternative, for an order, pursuant to Rule 57 of the Rules of Civil Procedure, for a speedy hearing of the above-entitled action and advancing the same on the calendar.

Apparently, this desire for haste in the determination of the action is of rather late origin. The case became at issue on November 2, 1953 by the service of the answer of the defendant. The note of issue, however, was not filed for over five months thereafter, i. e., April 12, 1954. In any event, this motion, under Rule 2 of the Calendar Rules of this District, should be made before the Calendar Judge, and the time and place of the application should be arranged with the Calendar Commissioner.